UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
100 PEARL STREET, SUITE 20-100
NEW YORK, NY 10004-2616

NEW YORK
REGIONAL OFFICE

October 16, 2026

**VIA ECF**
Hon. Paul A. Engelmayer
United States District Judge
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re: *SEC v. Gökçe Güven*, *et al.*, No. 26-cv-08716-PAE-BCM (S.D.N.Y.)

Dear Judge Engelmayer:

Plaintiff Securities and Exchange Commission ("SEC") respectfully submits this letter to seek approval of the partial consent judgment ("Consent Judgment") jointly proposed by the SEC and Defendant Gökçe Güven ("Güven"), which the SEC filed today. (Dkt. No.4). As described below, the SEC and Güven have reached a partial settlement that would resolve all liability issues and the nonmonetary relief that the SEC seeks in this case against Güven, but leave open for later resolution by motion (or further settlement) the monetary relief the SEC seeks against Güven.

**The SEC's Complaint and Other Relevant Facts**

On October 2, 2026, the SEC filed a complaint against Güven and Kalder, Inc. ("Kalder"), a fintech start-up that Güven founded and which she described to investors as helping businesses develop and monetize customer rewards programs. (Dkt. 1) ("Complaint"). The Complaint alleges that Güven and Kalder violated the antifraud provisions of the federal securities laws by making false and misleading statements to investors in connection with a $6,705,000 capital raise. *Id.* ¶¶ 2, 23–27.

Among other things, the Complaint alleges that Güven and Kalder provided investors with false information concerning Kalder's financial performance while maintaining two sets of financial records—one accurate set prepared and maintained by its outside bookkeeper and a second set containing inflated numbers created and communicated to investors at Güven's direction. As reflected in Kalder's actual financial records, the company's monthly revenue was far below the figures presented to prospective investors and the company was not experiencing the consistent and substantial growth that Güven and Kalder described to investors. *Id.* ¶¶ 28–40.

The Complaint also alleges that Güven and Kalder overstated the number of customers engaged in revenue-generating contracts. Many of the customers that Güven and Kalder claimed were in revenue-generating contracts had in fact signed up for either free-of-charge "demo accounts" or for short-term discounted pilot programs to evaluate Kalder's platform. *Id.* ¶¶ 40–65. As Kalder's CEO and largest shareholder at the time of this securities offering, Güven stood to profit both economically and professionally from Kalder's success and from this offering. *Id.* ¶¶ 1, 5, 14.

In a parallel criminal proceeding, *United States v. Güven*, 25-cr-00592-LAK-SN (S.D.N.Y.) (the "Criminal Case"), Güven pled guilty to one count of securities fraud, in violation of 15 U.S.C. §§77(q)(a) and 77x. Güven consented to a Preliminary Order of Forfeiture, which the court in the criminal action entered on May 28, 2026, pursuant to which she has agreed to forfeit $6,717,998 and her rights, title, and interest in certain specific accounts held in the name of Kalder. Güven is scheduled to be sentenced on October 29, 2026.

**The Proposed Settlement is Fair and Reasonable**

The SEC and Güven have reached a partial settlement that would resolve all liability issues and the nonmonetary relief that the SEC seeks in this case against Güven, but leave open for later resolution by motion (or further settlement) the monetary relief the SEC seeks against Güven. The settlement does not cover the SEC's allegations against Kalder.[1]

"[T]he proper standard for reviewing a proposed consent judgment involving an enforcement agency requires that the district court determine whether the proposed consent decree is fair and reasonable, with the additional requirement that the public interest would not be disserved . . . in the event that the consent decree includes injunctive relief." *SEC v. Citigroup Global Markets, Inc.*, 752 F.3d 285, 294 (2d Cir. 2014) (internal quotation marks and citations omitted). To evaluate the fairness and reasonableness of such a proposed consent judgment, a court should assess four factors: (1) "the basic legality of the decree"; (2) "whether the terms of the decree, including its enforcement mechanism, are clear"; (3) "whether the consent decree reflects a resolution of the actual claims in the complaint"; and (4) "whether the consent decree is tainted by improper collusion or corruption of some kind." *Id.* at 294–95 (citations omitted). The proposed Consent Judgment meets this standard.

If approved, the Consent Judgment would permanently restrain and enjoin Güven from violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)(2)] and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5] by, among other things, providing a false or misleading statement in any communication with any investor or prospective investor about: (A) any investment in or offering of securities, (B) the registration status of such offering or of such securities, (C) the prospects for success of any product or company, (D) the use of investor

---

[1] The SEC understands that Güven is no longer the CEO of Kalder although she may still be a majority shareholder of the entity. The SEC is in the process of trying to contact Kalder in order to serve the company with the Complaint or to obtain a waiver of service.

funds, or (E) the misappropriation of investor funds or investment proceeds. If approved, the partial consent judgment would also would restrain and enjoin Güven from acting as an officer or director of any issuer that has a class of securities registered under Exchange Act Section 12 [15 U.S.C. § 78l] or that is required to file reports under Exchange Act Section 15(d) [15 U.S.C. § 78o(d)] for a period of six years. The Consent Judgment leaves open for later resolution, upon motion of the SEC, the issue of monetary relief.

First, each remedy the proposed Consent Judgment would impose is legal. Congress has authorized courts to issue injunctions in Commission enforcement actions when a defendant has violated the federal securities laws and regulations. *See* 15 U.S.C. § 77t(b) (authorizing injunctions under the Securities Act); 15 U.S.C. § 78u(d)(1) (authorizing injunctions under the Exchange Act). Congress has further authorized courts to order officer-and director bars, including time-limited officer-and-director bars. *See* 15 U.S.C. §§ 77t(e) & 78u(d)(2).

Second, the terms of the proposed Consent Judgment are clear: they prohibit Güven from violating the antifraud statutes that the SEC alleges she violated, and prohibit Güven from serving as an officer or director of a public company. Furthermore, the judgment would enable the Court to retain jurisdiction over them to enforce its terms.

Third, the proposed judgment reflects a resolution of the actual claims in the Amended Complaint. Indeed, the Amended Complaint seeks each form of relief encompassed in the proposed judgment. *Compare* proposed judgment *with* Complaint Prayer for Relief, I, IV.

Fourth, the parties have not engaged in any improper collusion or corruption of any kind. The parties, through counsel, have reached the proposed settlements at arms' length in order to partially resolve this litigation as to Güven.

Finally, the permanent injunctions against future violations of the relevant securities law provisions and the six-year officer-and-director bar as to Güven do not disserve the public interest. "The job of determining whether the proposed S.E.C. consent decree best serves the public interest . . . rests squarely with the S.E.C., and its decision merits significant deference." *Citigroup*, 752 F.3d at 296. The proposed injunction against future violations serves to protect the investing public. The Amended Complaint alleges that Güven and Kalder, at her direction, engaged in securities fraud and "the commission of past illegal conduct is highly suggestive of the likelihood of future violations." *SEC v. Mgmt. Dynamics, Inc.*, 515 F.2d 801, 807 (2d Cir. 1975). A six-year officer-and-director bar as to Güven further serves the public interest. Securities Act Section 20(e) and Exchange Act Section 21(d)(2) permit the Court to impose such a bar on any person who has violated the anti-fraud provisions of the securities laws and whose conduct demonstrates "unfitness" to serve as an officer or director. *See SEC v. Metcalf*, No. 11 Civ. 493, 2012 WL 5519358, at *3 (S.D.N.Y. Nov. 13, 2012) (noting these statutory provisions are "'intended to protect public investors from persons who, by engaging in fraudulent conduct, already have demonstrated that they should not be entrusted with authority over investor funds,'" and imposing six-year officer and director bar) (*quoting* S. Rep. No. 337, 101st Cong., 2d Sess. 22 (1990)).

**Conclusion**

For these reasons, the Court should approve the proposed Consent Judgment. The SEC anticipates that, upon resolution of the Criminal Case, the parties will attempt to negotiate a resolution of the monetary relief that the SEC seeks against Güven in this case.

Respectfully submitted,

/s Elisa S. Solomon
Elisa S. Solomon

Cc (by email): Gökçe Güven (via counsel)